FIRST PRESBYTERIAN CHURCH OF DIXON, Plaintiff-Appellee, v. KENNETH ZEHNDER, Director of Revenue, *et al.*, Defendants-Appellants (Tom Foster, Supervisor of Assessments, *et al.*, Defendants).

Second District   No. 2—98—0807

Opinion filed August 17, 1999.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Michael A. Rakov, Assistant Attorney General, of counsel), for appellants.

Charles T. Beckman and Megan G. Heeg, both of Ehrmann, Gehlbach, Beckman, Badger & Lee, of Dixon, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendants, the Department of Revenue and Kenneth Zehnder, Director of Revenue, appeal from the trial court's order reversing the Department's decision denying plaintiff, First Presbyterian Church of Dixon (First Presbyterian), an exemption from real property taxes for 1992 on a parcel of property. We affirm.

First Presbyterian owns a parcel of property located at 519 Highland Avenue in Dixon. In March 1992, First Presbyterian entered into an agreement with the Leydig Memorial Center (Leydig), a nonprofit corporation also located in Dixon, under which Leydig would use the property at 519 Highland for a one-time payment of one dollar. The lease was to be automatically renewed from year to year unless either party notified the other within 30 days of the end of the lease period. Leydig was also to make a monthly deposit into an escrow account for maintenance.

During 1992, Leydig was open three days a week, for a total of 18 hours, to accept, distribute, and sell donated furniture, clothing, and household goods. Leydig was staffed by volunteers and individuals performing community service work under the auspices of the Lee County probation department. Other than the man who shoveled snow in the winter, there was no paid staff. Items were sold at "very reasonable prices" and, on a number of occasions, given free to individuals unable to pay. Leydig did not refuse to provide services to anyone requesting assistance. Gross sales of $22,196 resulted in net income, after payment of sales taxes, of $20,912 in 1992. After expenses, Leydig had revenues of $15,469.14, of which $15,356.60 was donated to various community organizations. Leydig was also used, free of charge, by the Salvation Army to distribute food to needy individuals and on behalf of Goodfellows, a community organization, to collect and dis-

tribute toys and food to those in need around Christmas. Leydig also donated books to the Illinois Department of Corrections to start a prison library.

First Presbyterian's application for a property tax exemption for the property leased to Leydig was denied by the Department. First Presbyterian appealed, and, after a hearing, the Department again denied the application. First Presbyterian then filed a complaint in administrative review in the circuit court of Lee County, which reversed the Department and ordered that the parcel was exempt from real estate taxation. This appeal followed.

■ ■ On review, an administrative agency's decision will generally stand unless it is against the manifest weight of the evidence. *Resurrection Lutheran Church v. Department of Revenue*, 212 Ill. App. 3d 964, 969 (1991). While the agency's findings and conclusions on questions of fact are *prima facie* true and correct, where the relevant facts are undisputed, the issue of whether property is exempt is a question of law. *Resurrection*, 212 Ill. App. 3d at 969. A statute exempting property from taxation is to be strictly construed in favor of taxation. *Chicago Patrolmen's Ass'n v. Department of Revenue*, 171 Ill. 2d 263, 271 (1996). Each claim for exemption must be determined from the facts presented, and the party seeking an exemption bears the burden of proving the right to an exemption. *Chicago Patrolmen's Ass'n*, 171 Ill. 2d at 271. While courts do not have the power to create an exemption through judicial interpretation, the determination of whether property use is exclusively charitable is a judicial function. *Highland Park Hospital v. Department of Revenue*, 155 Ill. App. 3d 272, 280 (1987).

■ Section 19.2 of the Revenue Act of 1939 (Act) exempts from taxation "[a]ll property used exclusively for religious purposes *** and not leased or otherwise used with a view to profit." 35 ILCS 205/19.2 (West 1992). There is no all-inclusive definition or specification of what constitutes a religious purpose for tax purposes. *Fairview Haven v. Department of Revenue*, 153 Ill. App. 3d 763, 774 (1987). Whether a party is organized and operated exclusively for religious purposes is determined from its charter and bylaws and the actual facts relating to its method of operation. *Fairview Haven*, 153 Ill. App. 3d at 774. The exclusive-use requirement of the statute is satisfied if the property is *primarily* used for the exempted purpose; incidental use for secular purposes does not destroy the exemption. *McKenzie v. Johnson*, 98 Ill. 2d 87, 98 (1983).

■ Here, it is clear from the record that the property is used exclusively for religious purposes. The record contains an offer of proof of testimony of Charles Beckman, who was on the governing

body of First Presbyterian in 1992, in which Beckman stated that "it's part of the mission of our church to provide charity" and "that it is one of the missions of our church to provide that facility for the residents of Dixon and Lee County." The property is provided to Leydig rent free in order to fulfill those missions. First Presbyterian provides many of the volunteers that staff Leydig. The property is used to distribute food to the indigent, Christmas food and toys to the needy, and clothing and furniture to those unable to pay for such items. While Leydig is open three days a week to sell clothing and furniture to raise funds, those same items are given away to people unable to pay during those same days. The mission of First Presbyterian and the methods it uses to fulfill that mission are clearly religious. The primary use of the property is religious and charitable in nature and therefore is exclusively used for religious purposes.

The property also fulfills the second prong of the statute, as it was "not leased or otherwise used with a view to profit." 35 ILCS 205/19.2 (West 1992). Whether property is used with a view toward profit depends on the intent of the owner in using the property. *American National Bank & Trust Co. v. Department of Revenue*, 242 Ill. App. 3d 716, 724 (1993). It is clear that First Presbyterian did not use the property for profit. Leydig paid the sum total of one dollar for its use of the property. First Presbyterian uses the property for religious purposes, fulfilling its missions to provide charity to the community through distribution of food, clothing, furniture, and Christmas gifts to those in need. While some revenues are generated through the sales of clothing and furniture, this is not the primary purpose in using the property. First Presbyterian's use of the property falls within the strictures of section 19.2 of the Act. The Department's decision denying an exemption was against the manifest weight of the evidence. Therefore, the property should be exempt from taxation.

For these reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

COLWELL and GALASSO, JJ., concur.