13 October 2000

No.  3--00--0044

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

LUTHERAN CHURCH OF THE GOOD )  Appeal from the Circuit Court

SHEPHERD OF BOURBONNAIS, an )  of the 21st Judicial Circuit,

Illinois Religious Corporation, )  Kankakee County, Illinois,

)

Plaintiff-Appellant, )

)  No.  99--MR--46

v. )

)  

THE DEPARTMENT OF REVENUE OF )

THE STATE OF ILLINOIS and THE )

KANKAKEE COUNTY BOARD OF )

REVIEW, )  Honorable

)  Fred S. Carr, Jr.,

Defendants-Appellees. )  Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

The plaintiff, Lutheran Church of the Good Shepherd of Bourbonnais (the Church), filed a complaint in the circuit court of Kankakee County for administrative review of a decision by the Department of Revenue of the State of Illinois (the Department).  The Department denied a real estate tax exemption for two tracts of land owned by the Church.  The circuit court initially reversed the Department's decision and granted the tax exemption.  However, following a motion for reconsideration, the circuit court affirmed the Department.  Plaintiff now appeals, and we reverse.

Facts

On July 24, 1997, the Church filed an application for a property tax exemption for the year 1997 for two parcels of land totaling 3.347 acres (the subject property).  The subject property is adjacent to other Church land containing a worship facility, a parking lot and a 20 foot strip of grass.  When the subject property was acquired by the Church in 1996, crops were growing on the land.  According to Paul Schultz, the chairman of the board of church properties, the Church did not plant crops on the land in 1997 because it intended to use the property as a extension of the existing yard area.  The yard was to be used as a playground or picnic area or for other recreational activities.  After the crops were harvested in late 1996, nothing was done to the subject property until August of 1997 when weeds that had overgrown the property were mowed.  In November the property was tilled in preparation for planting grass seed, but no seeding took place due to unfavorable weather conditions.

Although the Kankakee County Board of Review recommended approval of the Church's tax exemption application, the Department denied the application on the basis that the property was "not in exempt use."  The Church requested a formal hearing, which was held on April 17, 1998.  Paul Schultz was the only witness, and he testified as indicated above.  The administrative law judge subsequently recommended denial of the exemption and the director of the Department accepted that recommendation on January 27, 1999.  The Church filed its complaint for administrative review in the circuit court on March 4, 1999.  As previously indicated, after initially reversing the Department's decision, the court reconsidered its ruling and affirmed the Department's denial of the tax exemption.

Analysis

The threshold issue in this case concerns the proper standard of review to be applied by this court to the Department's decision.  See 
Richard's Tire Co. v. Zehnder
, 295 Ill. App. 3d 48, 692 N.E.2d 360 (1998) (noting that appellate court is to review the administrative decision, not the trial court's determination).  The Church asserts that where, as here, the facts are undisputed, the issue of whether property is tax exempt is a question of law subject to 
de
 
novo
 review.  This view is consistent with that expressed by our supreme court in several cases.  See 
Chicago Patrolmen's Ass'n v. Department of Revenue
, 171 Ill. 2d 263, 664 N.E.2d 52 (1996) (where facts are undisputed, determination of whether property is exempt from taxation is question of law); 
City of Chicago v. Illinois Department of Revenue
, 147 Ill. 2d 484, 590 N.E.2d 478 (1992) (same); 
Harrisburg-Raleigh Airport Authority v. Department of Revenue
, 126 Ill. 2d 326, 533 N.E.2d 1072 (1989) (same).  The Department, on the other hand, contends that the issue is a mixed question of fact and law and, pursuant to 
City of Belvidere v. Illinois State Labor Relations Board
, 181 Ill. 2d 191, 692 N.E.2d 295 (1998), a "clearly erroneous" standard is appropriate.  In 
Belvidere
 the court held that the issue of whether the city of Belvidere's decision to contract out for paramedic services affected wages, hours and other conditions of city firefighter's employment was a mixed question of fact and law.

Since 
Belvidere
, decisions from various districts and divisions of this court, when reviewing cases involving tax exemptions, have applied either a 
de
 
novo
 standard (see, 
e.g.
, 
First Presbyterian Church v. Zehnder
, 306 Ill. App. 3d 1114, 715 N.E.2d 1209 (2d Dist. 1999); 
Midwest Physician Group, Ltd. v. Department of Revenue
, 304 Ill. App. 3d 939, 711 N.E.2d 381 (1st Dist., 3d div. 1999); 
Mount Calvary Baptist Church, Inc. v. Zehnder
, 302 Ill. App. 3d 661, 706 N.E.2d 1008 (1st Dist., 5th div. 1998); 
Alivio Medical Center v. Illinois Department of Revenue
, 299 Ill. App. 3d 647, 702 N.E.2d 189 (1st Dist., 4th div. 1998); 
Northwest Suburban Fellowship, Inc. v. Department of Revenue
, 298 Ill. App. 3d 880, 700 N.E.2d 102 (1st Dist., 6th div. 1998)), or a clearly erroneous standard (see 
Randolph Street Gallery v. Zehnder
, ___ Ill. App. 3d ___, 735 N.E.2d 100 (1st Dist., 3d div. 2000); 
Friends of Israel Defense Forces v. Department of Revenue
, 315 Ill. App. 3d 298, 733 N.E.2d 789 (1st Dist., 5th div. 2000) 
Metropolitan Water Reclamation District v. Department of Revenue
, 313 Ill. App. 3d 469, 729 N.E.2d 924 (1st Dist., 3d div. 2000); 
XL Disposal Corp. v. Zehnder
, 304 Ill. App. 3d 202, 709 N.E.2d 293 (4th Dist. 1999)).

"The selection of a proper standard of review is of far more than mere academic interest.  This decision largely determines which court will have the final word on a particular issue.  If we believe that an issue is fact-specific, we will usually trust the trial court as fact-finder to render the proper decision; thus, we will select a deferential, 'clearly erroneous' standard.

If, however, we believe that an issue needs to be decided uniformly throughout a jurisdiction's courts, we should opt for 
de
 
novo
 review.  As Judge Richard Posner has noted, a court should select 
de
 
novo
 review if it desires to establish 'rules that will assure that cases with the same facts are decided the same way by different judges.'  The choice between these two approaches is a crucial policy decision ***."  T. O'Neill and S. Brody, 
Taking Standards of Appellate Review Seriously: A Proposal to Amend Rule 341
, 83 Ill. B.J. 512, 516-17 (1995), quoting 
Johnson v. Trigg
, 28 F. 3d 639, 645 (7th Cir. 1994).

In this case we believe that the clearly erroneous standard of review is appropriate, for three reasons.  First, to qualify for a tax exemption the Church must show that the subject property is "used exclusively for religious purposes."  35 ILCS 200/15--40 (West 1996).  Property satisfies the exclusive-use requirement if it is 
primarily
 used for the exempted purpose.  
McKenzie v. Johnson
, 98 Ill. 2d 87, 456 N.E.2d 73 (1983).  Thus, "[w]hether a particular [property] may be entitled to exemption turns on the evidence showing how the [property] is being used."  
McKenzie
, 98 Ill. 2d at 100, 456 N.E.2d at 79.  Given the necessarily fact-based nature of this inquiry, we do not believe 
de
 
novo
 review would be proper.

Second, 
Belvidere
 held that the clearly erroneous standard should be applied to mixed questions of fact of law, which it referred to as "involv[ing] an examination of the legal effect of a given set of facts."  
Belvidere
, 181 Ill. 2d at 205, 692 N.E.2d at 302.  Such mixed questions have also been described as "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard."  
Pullman-

Standard v. Swint
, 456 U.S. 273, 289 n.19, 72 L. Ed. 2d 66, 80 n.19, 102 S. Ct. 1781, ___ n.19 (1982).  This case appears to fall squarely within that definition, since it requires determining whether the uncontested facts satisfy the statutory exclusive-use requirement.

Third, the clearly erroneous standard grants a degree of deference to the Department that is not present in 
de
 
novo
 review.  This deference acknowledges the Department's expertise and credits its experience in such matters.  See 
Abrahamson v. Illinois Department of Professional Regulation
, 153 Ill. 2d 76, 606 N.E.2d 1111 (1992) (courts give substantial weight and deference to agencies' statutory interpretations based on their experience and expertise).

For these reasons, we will not disturb the Department's ruling unless it is clearly erroneous, a standard of review that lies between a manifest weight of the evidence standard and 
de
 
novo
 review.  
Belvidere
, 181 Ill. 2d 191, 692 N.E.2d 295.  Under that standard, we must accept the Department's decision unless we are left with the definite and firm conviction that a mistake has been committed.  
Friends of Israel
, 315 Ill. App. 3d 298, 733 N.E.2d 789; see also 
Pullman--Standard
, 456 U.S. at 284 n.14, 72 L. Ed 2d at 77 n.14, 102 S. Ct. at ____ n.14.

We now consider whether the Department properly denied the Church's application for a tax exemption. Statutes exempting property from taxation are to be strictly construed in favor of taxation (
Chicago Patrolmen's Ass'n
, 171 Ill. 2d 263, 664 N.E.2d 52), and all facts are to be construed and all debatable questions resolved in favor of taxation (
City of Chicago
, 147 Ill. 2d 484, 590 N.E.2d 478).  The burden of proving the right to a tax exemption rests upon the party seeking it.  
City of Chicago
, 147 Ill. 2d 484, 590 N.E.2d 478.  The statutory provision at issue here provides in part:

"§15--40.  Religious purposes, orphanages, or school and religious purposes.  All property used exclusively for religious purposes, or used exclusively for school and religious purposes, or for orphanages and not leased or otherwise used with a view to profit, is exempt ***."  35 ILCS 200/15--40 (West 1996).

The issue in this case is not whether the Church's plan to use the subject property as an extension of the existing yard area would qualify as a "religious purpose."  We take for granted that it would.  See 
People ex rel Pearsall v. Catholic Bishop of Chicago
, 311 Ill. 11, 142 N.E. 520 (1924) (seminary grounds which included a baseball diamond, tennis courts, woodlands, 40 acre tree nursery and 140 acre lake was tax exempt).  Here the issue is whether the property was 
actually being used
 for exempt purposes.

"We have often held that property must be in actual use for the exempting purpose, to qualify for exemption. '[E]vidence that land was acquired for an exempt purpose does not eliminate the need for proof of actual use for that purpose.  Intention to use is not the equivalent of use.'"  
Illinois Institute of Technology v. Skinner
, 49 Ill. 2d 59, 64, 273 N.E.2d 371, 374 (1971) (hereinafter IIT), quoting 
Skill Corp. v. Korzen
, 32 Ill. 2d 249, 252, 204 N.E.2d 738, 740 (1965).

Furthermore, the mere fact that the subject property adjoins land that is tax exempt is of no significance.  See 
IIT
, 49 Ill. 2d 59, 273 N.E.2d 371 (80 acre tract intended for development as golf course was taxable despite being contiguous to 67 acre tax exempt property).  The Church contends that the subject property was converted from agricultural use to religious purposes when it elected not to plant crops on the property as had been done in 1996 and prior years.  That decision, the Church argues, along with mowing the property in August and tilling it in November, was sufficient under 
Pearsall
, 311 Ill. 11, 142 N.E. 520, 
Weslin Properties, Inc. v. Department of Revenue
, 157 Ill. App. 3d 580, 510 N.E.2d 564 (1987) and 
In re Application of County Collector
, 48 Ill. App. 3d 572, 362 N.E.2d 1335 (1977).  We agree.

In 
Pearsall
 the property at issue was a 400 acre tract of land used as the grounds of a seminary.  Although there were some buildings, including a dormitory and a chapel, most of the property was devoted to recreational use, including a 40 acre nursery for growing trees and shrubs to use in beautifying the grounds, a baseball diamond and tennis courts, a 140 acre lake, 80 acres intended as a golf course and wooded lands containing paths and trails.  The supreme court found that all but the 80 acres intended as a golf course was tax exempt.  "The entire acreage, from plans previously made, was undergoing a process of change from the raw or natural state and being converted into school grounds or campus, with drives, walks, flower beds and other improvements."  
Pearsall
, 311 Ill. at 15, 142 N.E. at 521.  The proposed golf course, on the other hand, was not exempt because "it was in its natural state and had never been used as a golf course or for purposes of recreation."  
Pearsall
, 311 Ill. at 17, 142 N.E. at 522.

Similarly in this case, the subject property was "undergoing a process of change from the raw or natural state" and was being converted to use as additional church yard or recreation area.  Mowing and tilling in 1997 were part of this process, as was the decision not to plant crops.  This activity was more than mere planning and constituted actual physical use of the property.

In addition, "[e]xemptions have been allowed *** where property is in the actual process of development and adaptation for exempt use."  
Weslin
, 157 Ill. App. 3d at 584, 510 N.E.2d at 567.  In 
Weslin
, the court found that the development of a master site plan, meeting with architects, approval of the design plan and the construction of berms were sufficient development and adaptation to qualify a proposed urgent care center as tax exempt.  The 
Weslin
 court relied in part on 
Application of County Collector
, where the court ruled that land that had been taken in a condemnation action for construction of Interstate 57 was tax exempt because it was used "within a reasonable time."  
County Collector
, 48 Ill. App. 3d at 582, 362 N.E.2d at 1342.

The Department argues that 
Weslin
 and 
County Collector
 represent a narrow exception to the actual use requirement that applies only where extensive planning, preparation or construction is required to put property into actual use for tax exempt purposes.  No such planning or construction was required to convert the subject property to recreational use.

We agree that, unlike 
Weslin
 and 
County Collector
, no extensive planning or construction was necessary in this case.  However, "[e]ach individual claim for exemption must be determined from the facts presented."  
Chicago Patrolmen's Ass'n
, 171 Ill. 2d at 271, 664 N.E.2d at 56; see also 
City of Chicago
, 147 Ill. 2d 484, 590 N.E.2d 478.  The Church's efforts at development and adaptation of the subject property must be judged in light of the ultimate intended use.  Viewed in that manner, the Church's activities--refraining from planting crops and mowing and tilling the land in preparation for planting grass seed--were 
more
 extensive than those in 
Weslin
 and 
County Collector
 in that the Church more nearly approached completion.

Accordingly, based on 
Pearsall
, 
Weslin
 and 
County Collector
, we find that the Church presented sufficient evidence that the subject property was in the process of development and adaptation for exempt use to qualify as tax exempt.  The Department's decision denying the Church's application was clearly erroneous.  We therefore reverse the judgment of the circuit court affirming that decision and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HOLDRIDGE and HOMER, J.J., concur.