HENDERSON COUNTY RETIREMENT CENTER, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant (Henderson Care Center, Inc., Defendant).

Third District   No. 3—92—0197

Opinion filed November 17, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

Lyman R. Fort, of Fort & Neff, of Stronghurst, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

This suit concerns 1990 real estate taxes payable to the Illinois Department of Revenue on property titled in the name of defendant Henderson Care Center, Inc. (Care Center), a Missouri for-profit corporation, and used as a residential retirement facility. After an appeal before the Illinois Department of Revenue (the Department), the Department determined that the facility was used for charitable purposes, was "owned" for real estate purposes by plaintiff Henderson County Retirement Center (Retirement Center), an Illinois not-for-profit corporation, since October 2, 1990, and was, therefore, exempt from real estate tax for 25% of 1990. Plaintiff appealed the Department's decision to the circuit court of Henderson County. On February 4, 1992, the court reversed the Department's determination, ruling that Retirement Center had sufficient incidents of ownership prior to October 1990 to qualify for exempt status for the entire calendar year. The Department appeals. We reverse.

The facts in this case are not in dispute. The record on appeal establishes that plaintiff Retirement Center was organized in 1985 for the purpose of constructing and operating a retirement home facility in Henderson County, Illinois. In August 1986, plaintiff acquired a parcel of land in furtherance of this purpose; however, it was unable to obtain financing for the project. Defendant Care Center was organized to engage in the business of owning, operating and developing nursing homes, medical laboratories and health care clinics. In May and June 1988, the parties entered into a sale and 15-year lease-back agreement whereby Care Center would complete the construction of the facility and Retirement Center would lease the property upon obtaining its operating license. The lease granted Retirement Center the option of renewing the lease for two five-year terms and the right of first refusal to purchase the premises in the event Care Center should choose to sell to a third party. It further recited that property taxes were the responsibility of the lessee. The project was ultimately completed, and the facility began accepting intermediate nursing care residents in June 1989.

In August 1990, Retirement Center applied for a real estate tax exemption from the Illinois Department of Revenue. The County Board of Review recommended approval of the application for the full 1990 calendar year stating, "[I]t is the opinion of this Board of Review the applicant qualifies for such exemption including the terms of PA 89—311 when the real property is owned by a holding company." The application was thereafter reviewed by defendant Illinois Department of Revenue and denied. The denial was based on the Department's findings that: (1) the primary use of the property is not charitable; (2) the property is not in exempt ownership; and (3) the property is not in exempt use.

Retirement Center pursued a timely appeal of this decision to a hearing officer of the Department in November 1990. With its appeal plaintiff submitted a brief and appended an "addendum" to its lease with Care Center dated October 2, 1990, which amended the "right of first refusal" clause of the lease and granted Retirement Center an unconditioned option to purchase the property on either the fifteenth or twentieth anniversary of the lease in an amount equal to 125 times the average monthly rental for the six-month period prior to the anniversary date.

On April 12, 1991, a hearing officer of the Department issued his recommendation that the property be exempted from real estate tax for 25% of 1990 based on its finding that Retirement Center is a charitable organization and that the October 2, 1990, amendment to

the lease gave Retirement Center "sufficient incidents of ownership to be considered the owner of the parcel \*\*\* for real estate tax purposes." The officer's recommendation was approved by the Department on April 15, 1991. Plaintiff appealed this decision to the circuit court, complaining that the Department had no authority to divide the year for tax purposes. The circuit court issued its decision on February 4, 1992, finding

> "that the right of first refusal contained in the lease \*\*\* provides a sufficient interest to Henderson County Retirement Center to qualify for the exemption. The October, 1990 amendment merely supplements the original lease provision. Those aspects of the arrangement between these parties which result in the finding of the Illinois Department of Revenue that Henderson County Retirement Center is a charitable organization were in existence from and after the date of the original lease, and through the entire 1990 calendar year."

Thus, the court concluded, "[T]he decision to deny exempt status for the entire year of 1990 is against the manifest weight of the evidence." Accordingly, the court vacated the Department's ruling, and the Department appeals from that judgment.

■ Initially, we find no merit to Retirement Center's bald argument that the Department is without authority to prorate the exemption from the date of a charitable organization's acquisition of "ownership." The Revenue Act clearly provides for such proration:

> "The purchaser of real property on January 1 shall be considered as the owner on that day. Provided, however, that *whenever a fee simple title or lesser interest in real property is purchased, granted, taken or otherwise transferred for a use exempt from taxation under this Act, such property shall be exempt from taxes from the date of the right of possession, payment or deposit of the award therefor.* Whenever a fee simple title or lesser interest in real estate is purchased, granted, taken or otherwise transferred from a use exempt from taxation under this Act to a use not so exempt, such property shall be subject to taxation from the date of purchase or conveyance. \*\*\* In such cases *the county collector is authorized to issue a tax bill to the person holding title to the property in that part of the year during which it was not exempt from taxation for such part of the year and to accept payment of such bill as full and final settlement of tax liability for the year involved.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 120, par. 508.

■ Next, we note that the issue of tax exemption is one of law, not fact. (*City of Chicago v. Illinois Department of Revenue* (1992), 147 Ill. 2d 484, 491-92, 590 N.E.2d 478, 481.) As stated in *City of Chicago*:

"[T]he decision as to whether property is exempt 'depends solely upon an application of the appropriate legal standard to the undisputed facts.' *Illinois Central Gulf R.R. Co. v. Department of Local Government Affairs* (1983), 95 Ill. 2d 111, 129[, 447 N.E.2d 315].

'It is the well settled rule of law in the State of Illinois that all property is subject to taxation, unless exempt by statute, in conformity with the constitutional provisions relating thereto. Taxation is the rule—tax exemption is the exception.' (*Rogers Park Post No. 108 v. Brenza* (1956), 8 Ill. 2d 286, 289-90[, 134 N.E.2d 292].) ***

Each individual claim must be determined from the facts presented. (*Coyne Electrical School v. Paschen* (1957), 12 Ill. 2d 387, 394[, 146 N.E.2d 73].) In determining whether property is included within the scope of a tax exemption all facts are to be construed and all debatable questions resolved in favor of taxation. *Rogers Park Post*, 8 Ill. 2d at 290." 147 Ill. 2d at 491-92, 590 N.E.2d at 481.

Property owned by charitable organizations and used exclusively for charitable purposes is exempt by authority of article IX, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IX, §6) and section 19.7 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 500.7). In this appeal, the Department does not dispute that the property was used for charitable purposes throughout 1990. The Department argues only that the circuit court erred in reversing the Department's determination that the property was not "owned" by a charitable organization prior to the October 1990 amendment to the lease.

The question of whether a sale and lease-back agreement provided sufficient incidents of ownership to qualify a charitable organization/lessee as an "owner" for purposes of the statutory exemption was addressed in *Cole Hospital, Inc. v. Champaign County Board of Review* (1983), 113 Ill. App. 3d 96, 446 N.E.2d 562, a case relied on by the circuit court in rendering its opinion herein. In *Cole*, as here, the not-for-profit hospital entered into a sale/lease-back agreement with a for-profit corporation because of difficulty in obtaining conventional financing. The significant difference between the agreement there and the original agreement in this case concerns the "right of first re-

fusal" clause. In *Cole*, the agreement granted the lessee both a right of first refusal and an absolute option to purchase on the 11th and 16th anniversary dates of the lease. This factor was cited by the *Cole* court in support of the circuit court's decision in that case exempting the lessee from taxation. However, the court cautioned that "[t]here are few, if any *per se* rules in the field of property taxation. Obviously not every lease *qua* lease will qualify for exemption. [Citations.] When, under proper circumstances, a sale-and-lease-back is used as a financing device, alternatively to conventional financing, it may qualify." 113 Ill. App. 3d at 101, 446 N.E.2d at 565.

■ In our opinion, the right to choose when and if property may be transferred is the single most significant incident of real estate ownership. In the case before us, the sale/lease-back agreement, as originally drafted, retained solely in the for-profit lessor, Care Center, the right to choose when and if to convey title. The not-for-profit lessee, Retirement Center, had no control over the decision to convey until the lease was amended on October 2, 1990. Prior to that date, Retirement Center was granted only the option to accept or reject Care Center's terms of conveyance at such time as Care Center chose to convey to a third party. Thereafter, by amendment, Retirement Center acquired not only an unconditioned option to purchase on the fifteenth and twentieth anniversaries of the lease, but also an agreement as to how the purchase price was to be computed if Retirement Center chose to exercise its option. Consequently, and given the preference for taxation over exemption, we find no error in the Department's decision. The Department correctly ruled that the incidents of ownership in Retirement Center changed for tax purposes upon adoption of the amendment to the lease in October 1990 and that prior thereto Retirement Center was ineligible for the charitable use exemption.

We conclude that the trial court's reversal of the Department's decision denying an exemption for January through September 1990, during which period Retirement Center's incidents of ownership did not include any control over the transferability of the real estate, is contrary to the manifest weight of the evidence and must be reversed.

The judgment of the circuit court of Henderson County is reversed.

Reversed.

McCUSKEY and GORMAN, JJ., concur.