No. 2--00--0835

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

DUNDEE TOWNSHIP,                ) Appeal from the Circuit Court

                                ) of Kane County.

     Plaintiff-Appellant,       )

                                )  

v.                              ) No. 99--MR--428     

                                )          

THE DEPARTMENT OF REVENUE  ) 

AND GLEN BOWER, as Director  )                  

of The Department of Revenue,   ) Honorable 

                         ) R. Peter Grometer,

   Defendants-Appellees.      ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Dundee Township (the Township), purchased a parcel of vacant land under a farm lease pursuant to the open space provisions of the Township Code (60 ILCS 1/115--5 
et seq.
 (West 1998)).  Plaintiff then sought a property tax exemption for the entire parcel of land pursuant to section 115--115 of the Township Code (60 ILCS 1/115--115 (West 1998)).  Plaintiff appeals from the portion of the trial court's order on judicial review that affirmed the decision of the Illinois Department of Revenue that the Township's leasehold interest in a parcel of land did not qualify for a property tax exemption.  We affirm.

Under the Township Code, a township may acquire qualifying tracts of land for open space purposes.  60 ILCS 1/115--5 
et seq.
 (West 1998).  On April 15, 1996, plaintiff, Dundee Township, adopted an open space program pursuant to the provisions of the Township Code.  On July 16, 1997, the Township purchased a parcel of approximately 70.34 acres of vacant land for open space development.  At the time of the Township's acquisition, some or all of the property was leased to individuals for commercial farming.  The Township renewed the farm lease at an annual rent of $3,000.    

Section 115--115 of the Township Code provides for a real estate tax exemption of "[a]ll property acquired by any township for open space purposes pursuant to an open space program *** for assessment year 1988 and each assessment year thereafter."  60 ILCS 1/115--115 (West 1998).  On August 5, 1997, the Township sought an open space property tax exemption for the entire parcel pursuant to section 115--115 of the Township Code.  The Kane County Board of Review recommended that the Township's entire fee interest in the property was entitled to an exemption for 46% of the year that it was owned by the Township.

The Department of Revenue (the Department) approved the Board of Review's recommendation to grant an exemption for the Township's fee interest for 46% of the 1997 tax year.  However, the Department found that a leasehold assessment should be levied against the Township's leasehold interest pursuant to section 9--195 of the Property Tax Code (35 ILCS 200/9--195 (West 1998)). 

The Township sought an administrative appeal from the decision of the Department of Revenue.  The Department issued a final administrative decision that affirmed its earlier decision to grant the Township an exemption for its fee interest in the property for 46% of the 1997 tax year.  The Department also found that the Township lacked standing to seek a tax exemption for the leasehold.  The Department found that, under section 9--195 of the Property Tax Code (35 ILCS 200/9--195 (West 1998)), only the lessees were liable for property taxes on leaseholds.  As such, the lessees, and not the Township, had a pecuniary interest in the leasehold sufficient to confer standing to challenge assessments against the leasehold.  Since the Township did not suffer pecuniary or other loss, the Department ruled that it lacked standing to challenge the leasehold assessment.

The Department further found that, even if the Township had standing to challenge the leasehold assessment, it was not entitled to the exemption of the leasehold interest as a matter of law.  Under section 115--115 of the Township Code, only fee interests in real property, and not leasehold interests, were exempt.  Therefore, under section 9--195 of the Property Tax Code, the leasehold interest of a nonexempt lessee was taxable.

The Township filed a complaint for administrative review of the decision from the Department of Revenue.  735 ILCS 5/3--103 (West 1998).  The complaint alleged that the entire parcel of land was acquired pursuant to the open space provisions of the Township Code and, as such, the entire parcel was exempt from property tax pursuant to section 115--115 of the Township Code.  

The trial court ruled that the Township had standing to claim a property tax exemption but that the decision of the Department of Revenue was consistent with the manifest weight of the evidence and not contrary to existing law.  The decision of the Department of Revenue was affirmed, and the Township's complaint was dismissed.  The Township appeals from the trial court's judgment.

The trial court's authority in reviewing administrative decisions is limited to the powers expressed in the Administrative Review Law (735 ILCS 5/3--101 
et seq.
 (West 1998)).  The scope of review of an administrative agency's factual findings is limited to whether those findings are against the manifest weight of the evidence.  
American National Bank & Trust Co. v. Department of Revenue
, 242 Ill. App. 3d 716, 721 (1993).  When, as here, the facts are not in dispute, the resolution of the issues is a question of law.  
City of Chicago v. Illinois Department of Revenue
, 147 Ill. 2d 484, 491 (1992). 

Initially, we address the Department's contention, raised in its brief, that the Township lacks standing to challenge the Department's determination that the farm lease was subject to a leasehold assessment.  In the order from which the Township appeals, the trial court found that the Township had standing but that the Department's decision concerning the leasehold interest was consistent with the manifest weight of the evidence and existing law.  The instant appeal from the trial court's order was brought by the Township.  The Township challenges the trial court's affirmance of the decision of the Department of Revenue that the Township was not entitled to a tax exemption for its leasehold interest in the property.  To preserve the issue of standing for review, the Department was required to file a cross-appeal pursuant to Supreme Court Rule 303. 155 Ill. 2d R. 303(a)(3).  Raising the issue of standing in its brief without filing a cross-appeal is insufficient.  Since the Department did not file a cross-appeal from the portion of the trial court's order that found the Township had standing, this court lacks jurisdiction to consider this issue on appeal.   

Turning to the merits of the Township's appeal, all property is presumed to be subject to taxation.  
American National Bank
, 242 Ill. App. 3d at 722.  Statutes granting exemptions are construed strictly in favor of taxation.  The party claiming the exemption has the burden of proving that the exemption applies.  
Girl Scouts of Du Page County Council, Inc. v. Department of Revenue
, 189 Ill. App. 3d 858, 861 (1989).

 At issue is whether the property acquired pursuant to the Township's open space program but leased for commercial farming purposes was entitled to an exemption pursuant to section 115--115 of the Township Code.  

Section 115--115 of the Township Code provides as follows:

"All property acquired by any township for open space purposes pursuant to an open space program *** shall be exempt from real property taxation for assessment year 1988 and each assessment year thereafter."  60 ILCS 1/115--115 (West 1998).

The Township contends that this section unambiguously provides a real estate tax exemption for their entire parcel of land acquired for open space purposes. 

In addition to the tax provisions of the Township Code, however, section 15--60 of the Property Tax Code provides as follows:

"All property belonging to any county or municipality used exclusively for the maintenance of the poor is exempt, as is all property owned by a taxing district that is being held for future expansion or development, except if leased by the taxing district to lessees for use for other than public purposes.

Also exempt [is]: 

 * * *

(c) all property owned by any municipality located within its incorporated limits.  Any such property leased by a municipality shall remain exempt, and the leasehold interest of the lessee shall be assessed under Section 9--195 ***."  35 ILCS 200/15-60 (West 1998). 

Section 9--195 of the Property Tax Code, referenced above, contains the following provision applicable to leasehold assessments:

"[W]hen property which is exempt from taxation is leased to another whose property is not exempt, and the leasing of which does not make the property taxable, the leasehold estate and the appurtenances shall be listed as the property of the lessee ***.  *** [T]he lessee shall be liable for those taxes."  35 ILCS 200/9--195 (West 1998).

The principles of statutory construction guide us in determining whether the Township is entitled to a tax exemption for the leasehold interest in the open space land.  The fundamental principle of statutory construction is to ascertain and effectuate the intent of the legislature.  
Paciga v. Property Tax Appeal Board
, 322 Ill. App. 3d 157 (2001).

Here, there are two allegedly competing statutory provisions.  It is presumed that statutes which relate to the same subject are governed by one spirit and a single policy.  
People ex rel. Daley v. Datacom Systems Corp.
, 146 Ill. 2d 1, 17 (1991).  Thus, in determining legislative intent when two statutory provisions address the same subject matter, the statutes are read 
in pari materia
, and an interpretation 
that gives effect to both provisions must be adopted
.  
Johnson v. St. Therese Medical Center
, 296 Ill. App. 3d 341, 348 (1998); 
Schaumburg State Bank v. Bank of Wheaton
, 197 Ill. App. 3d 713, 720 (1990).

The Township's position, that section 115--115 is controlling, ignores these principles of statutory construction.  Section 115--115 must be interpreted in light of section 9--195 of the Property Tax Code, since both statutes are instructive of the legislative intent on the issue of taxation.

Under section 9--195 of the Property Tax Code, the parcel at issue was acquired for open space purposes and is therefore exempt from taxation, subject to restrictions due to the leasehold interest.  See 
City of Lawrenceville v. Maxwell
, 6 Ill. 2d 42, 49 (1955).  Contrary to the Township's position, our inquiry does not end here.  Under section 9--195, leasehold assessments are to be imposed on an otherwise exempt parcel when that property is leased to a nonexempt lessee and the act of leasing does not make the property taxable.  In these circumstances, the leasehold interest is taxable and the 
lessee
 is responsible for payment.  35 ILCS 200/9--195 (West 2000).

Since section 115--115 is silent concerning the qualifying uses for the tax-exempt status of a 
leasehold
, the Township Code fills the gap.  Open space purposes include "the preservation and maintenance of open land, scenic roadways, and pathways *** with or without public access, for the education, pleasure, and recreation of the public" and "the preservation of portions of that property in their natural condition and the development of other portions of that property."  60 ILCS 1/115--5 (West 1998).  Open space property may be leased "for construction, reconstruction, alteration, renewal, equipment, furnishing, extension, development, operation and maintenance of lodges, housekeeping and sleeping cabins, swimming pools, golf courses, campgrounds, sand beaches, marinas, convention and entertainment centers, roads and parking areas, and other related buildings and facilities."  60 ILCS 1/115--90 (West 1998).  Section 115--95 permits the leasing of buildings and facilities "constructed, reconstructed, altered, renewed, equipped, furnished, extended, developed, and maintained by the township *** for operation or development *** and maintenance."  60 ILCS 1/115--95 (West 1998).  These provisions indicate that any lease of open space property must fall into one of the specifically identified categories or be related to open space purposes for it to be exempt.

Here, the Township leased a portion of the parcel for commercial farming purposes.  This use is not specifically delineated as an exempt use for open space property under either section 115--90 or 115--95 of the Township Code.  In 
City of Lawrenceville v. Maxwell
, 6 Ill. 2d 42, 49 (1955), our supreme court held that the use to which a property is devoted is decisive in determining whether it is entitled to exempt status, rather than the use to which income derived from the property is employed.  Since commercial farming is not delineated as an exempt use under the open space provisions of the Township Code, the leasehold interest does not qualify as an exempt use.

Under the Township Code, the property remained exempt as long as it was acquired for open space purposes pursuant to an open space program.  60 ILCS 1/115--115 (West 1998).  The existence of the farm lease did not destroy the underlying exemption of the fee interest in the property since it did not change the character of the acquisition of the fee for open space purposes.  35 ILCS 200/9--195 (West 1998). Since the lease did not render the Township's 
fee interest
 taxable under section 9--195, only the leasehold was taxable.  35 ILCS 200/9--195 (West 1998).

Contrary to the Township's position, the Township Code and Property Tax Code must be read 
in pari materia
.  When the statutes are construed in this fashion, the Department's determination that the Township's fee interest in the parcel acquired for open space purposes was exempt for 46% of the tax year but that the leasehold interest in the parcel was not exempt was consistent with the manifest weight of the evidence, the policy underlying the statutes concerning tax exemptions, and the case of 
City of Lawrenceville v. Maxwell
, 6 Ill. 2d 42 (1955) (holding that, when property is used for two purposes, one of which is exempt from taxation and one of which is not, a tax should be assessed against the part that is devoted to a nonexempt use). 

The Township is seeking the benefits of the tax-exempt status of the fee and objecting to the tax burden clearly imposed on non-tax-exempt leaseholds.  We are not persuaded by the Township's arguments.  The Township has failed to establish that it should be excluded from the general statutory scheme of taxation, which taxes nonexempt leasehold interests in real estate that have a tax-exempt fee interest.

The judgment of the circuit court of Kane county is affirmed.

Affirmed.

HUTCHINSON, P.J., and BOWMAN, J., concur.