4-07-0500                    Filed 8/26/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| SPRINGFIELD SCHOOL DISTRICT NO. 186, | ) | Appeal from |
|      Plaintiff-Appellant, | ) | Circuit Court of |
|      v. | ) | Sangamon County |
| THE DEPARTMENT OF REVENUE OF THE STATE | ) | No. 06MR546 |
| OF ILLINOIS; BRIAN A. HAMER, Director | ) | |
| of the Department of Revenue; and THE | ) | Honorable |
| SANGAMON COUNTY BOARD OF REVIEW, | ) | Patrick J. Londrigan, |
|      Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Springfield School District No. 186 (District), appeals the decision of the Illinois Department of Revenue (Department) to deny its application for a property tax exemption pursuant to sections 15-60, 15-135, and 15-35(e) of the Illinois Property Tax Code (Code) (35 ILCS 200/15-60, 15-135, 15-35(e) (West 2004)). Plaintiff sought administrative review and the circuit court affirmed the Department. The District appeals, claiming the Department erred in the following respects: (1) it found the lease between the District and Central Management Services (CMS) was a lease with a view to profit; (2) it found the section 15-60 exemption where a taxing district holds property for future expansion or development did not apply to school districts; and (3) it found the requirement of section 15-35 that property not be leased with a view to profit applied to section 15-35(e), exempting property owned by a school district. For the

reasons that follow, we affirm the circuit court's decision

affirming the Department's decision.

## I. BACKGROUND

In February 2004, the District sought a property-tax exemption from the Sangamon County Board of Review for a former school building for tax year 2004. The District filed an application for nonhomestead property-tax exemption concerning the property located at 400 West Lawrence in Springfield, Illinois. The District's original application sought an exemption based on section 15-35(e) of the Code. The District later amended the application to include sections 15-60 and 15-135 as additional grounds for exemption. On August 3, 2004, the Sangamon County Board of Review recommended full approval of the exemption application. On August 26, 2004, the Department denied the application, finding the property was not in exempt ownership and not in exempt use. In October 2004, the District requested a formal administrative hearing in response to the denial of the property-tax exemption. The hearing was held January 26, 2006, in front of an administrative law judge (ALJ), who recommended denial of tax exemption. In August 2006, defendant, Brian A. Hamer, Director of defendant Department (Director), denied the exemption. In September 2006, the District filed for administrative review. The circuit court heard arguments and in May 2007 affirmed the Director's decision.

The District used the subject property as a school until the mid 1990s. The building needed renovations and the

District lacked resources to make the building handicap accessible. In early 1997, the District attempted to sell the property through a sealed-bid auction but received no bids. The District was approached by Public Assets Service Corporation (PASC) with a sale-leaseback proposal. In 2001, the District again went through the bid process and sold the building to PASC, a not-for-profit corporation, for $535,000 and leased it back for a 20-year term. PASC sold certificates of participation (bonds) to finance the renovation and engaged developer Hay Edwards Associated, LLC (Hay Edwards), to perform the renovation. The District leased the property from PASC and subleased it to CMS. CMS's rental payments are made to a trustee, who then pays the bonds.

The agreement further provided Hay Edwards would advance funds to the District to cover construction-delay costs and changes in the scope of the renovation. Hay Edwards received an unconditional first option to purchase the building for fair market value upon the expiration of the lease-purchase agreement and a right of first refusal should PASC and the District decide to sell the building earlier. The District received a subordinate option to purchase the building at the expiration of the lease-purchase agreement.

At the administrative hearing, the District entered into evidence a net-income analysis for the 20-year term of the sublease. The District subleased the building to CMS for 10

years beginning April 2003 for an annual rent of $1,033,950 with a 2% annual increase. The lease provided CMS could renew for an additional 10 years, or could terminate after 5 and 15 years with 180 days' notice. During the first 16 years of the lease, the District would see no positive cash flow. If the District received a positive cash flow during the remaining four years, the money would be applied toward the District's operating budget.

In August 2006, the Director denied the exemption, finding the following: (1) the qualifying language "used with a view to profit" applies to subsection 15-35(e) because allowing property owned by a school district to be exempt even if used with a view to profit would mitigate the effect of the exclusion in the first paragraph and mitigate the effect of the exemption provision in section 15-35; (2) the District failed to present clear and convincing evidence the property is not used with a view to profit as the $535,000 payment was not discussed, the District included a property-tax loss as a deduction, the District derived an economic advantage from the lease of the building whether or not it produced income; and (3) the Code provides no exemption for property used by the State, only property owned by the State.

As stated, the District sought administrative review, and the circuit court affirmed.

II. ANALYSIS

The first issue raised by the District is whether the property is eligible for exemption under sections 15-35(e) and 15-135 because it is not leased "with a view to profit." The District argues the property qualifies for exemption under section 15-35(e) as a transaction for the purpose of financing. Section 15-35 provides:

"Schools. All property donated by the United States for school purposes, and all property of schools, not sold or leased or otherwise used with a view to profit, is exempt, whether owned by a resident or non-resident of this State or by a corporation incorporated in any state of the United States. Also exempt is:

* * *

(e) property owned by a school district. The exemption under this subsection is not affected by any transaction in which, for the purpose of obtaining financing, the school district, directly or indirectly, leases or otherwise transfers the property to another for

- 6 -

which or whom property is not ex-
empt and immediately after the
lease or transfer enters into a
leaseback or other agreement that
directly or indirectly gives the
school district a right to use,
control, and possess the property.
In the case of a conveyance of the
property, the school district must
retain an option to purchase the
property at a future date or,
within the limitations period for
reverters, the property must revert
back to the school district."  35
ILCS 200/15-35(e) (West 2004).

Section 15-135 provides:

"School districts and community college
districts.  All property of public school
districts or public community college dis-
tricts not leased by those districts or oth-
erwise used with a view to profit is exempt."
35 ILCS 200/15-135 (West 2004).

The District notes the parties stipulated (1) the sale-leaseback
between the District and PASC was for the purpose of obtaining

financing and (2) the District is the owner of the property. The lease was part of a larger financing transaction to allow the District to renovate the building. The entire transaction, including the sublease, was part of a financing transaction pursuant to <u>Cole Hospital, Inc. v. Champaign County Board of Review</u>, 113 Ill. App. 3d 96, 101, 446 N.E.2d 562, 565 (1983). Although two leases were involved, the evidence showed both leases constituted the entire transaction. The District contends testimony at the departmental hearing showed (1) this transaction was the only option to renovate the building, and (2) the District did not lease the building to CMS with a view to profit.

The Department argues the property is not exempt under section 15-35 as it is leased "with a view to profit" because (1) the property is not continuing in a tax-exempt use after leasing and (2) the District intends for the lease to generate revenue. Property used by the State is not tax exempt, only property owned by the State. 35 ILCS 200/15-55 (West 2004); see <u>Northern Illinois University Foundation v. Sweet</u>, 237 Ill. App. 3d 28, 36-37, 603 N.E.2d 84, 90 (1992) (denying exemption for property leased to State and not used primarily for educational purposes). CMS's sublease is not a tax-exempt use of the property. See <u>Village of Oak Park v. Rosewell</u>, 115 Ill. App. 3d 497, 501, 450 N.E.2d 981, 984 (1983) (religious organization not entitled to tax exemption on parking lot leased to municipality because

municipal tax exemption is based on ownership, not use).  Because the use of the property is not tax exempt, the District bore the burden of proving that the sublease was not made "with a view to profit."  While revenue was pledged to pay the bonds and later the operating costs, the District's argument fails because under DePaul University, Inc. v. Rosewell, 176 Ill. App. 3d 755, 757, 531 N.E.2d 884, 885 (1988), a school's use of its lease revenues for school expenses does not make the leased property tax exempt.

## A. Leased "With a View to Profit"

We note the parties disagree on the standard of review.  The ALJ heard substantial testimony and considered documents and stipulated facts, which for the most part were undisputed.  Where the fact finder determines the legal effect of a given set of facts, it decides a mixed question of law and fact.  See Elementary School District 159 v. Schiller, 221 Ill. 2d 130, 143, 849 N.E.2d 349, 358 (2006).  "An agency's conclusion on a mixed question of law and fact is reviewed for clear error."  District 159, 221 Ill. 2d at 143, 849 N.E.2d at 358.  The agency decision will be found clearly erroneous only where we are left with the definite and firm conviction a mistake was committed.  Cinkus v. Village of Stickney Municipal Officers Electoral Board, 228 Ill. 2d 200, 211, 886 N.E.2d 1011, 1018 (2008).  "Such review is significantly deferential to an agency's experience in construing and applying the statutes that it administers."  District 159,

221 Ill. 2d at 143, 849 N.E.2d at 358; see also Board of Educa-tion of Glen Ellyn Community Consolidated School District No. 89 v. Department of Revenue, 356 Ill. App. 3d 165, 171, 825 N.E.2d 746, 752-53 (2005) (the Department determined whether the facts indicated the property was used with a "view to profit"; District employed clearly erroneous standard).

On this issue, we find no clear error in the Depart-ment's decision the property was ineligible for exemption because it was leased "with a view to profit."  The District's net-income analysis showed the District would earn income of over $13 million and while it would apply $11,530,600 toward repaying its financing obligation, $2 million in net profits would be realized over the 20-year term.  Under Village of Oak Park, it is irrele-vant whether the lease actually results in a profit.  Village of Oak Park, 115 Ill. App. 3d at 500, 450 N.E.2d at 983-84.

B. Property Owned by a School District

The second issue raised by the District is the proper construction of section 15-35(e) of the Code. Interpretation of a statute is a question of law where the agency's interpretation is considered relevant but not binding on the court.  Branson v. Department of Revenue, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995).  Our review is de novo with deference to the Department's interpretation.  We note at the outset, "'It is the well settled rule of law in the State of Illinois that all property is subject

- 10 -

to taxation, unless exempt by statute, in conformity with the constitutional provisions relating thereto.  Taxation is the rule--tax exemption is the exception.'"  <u>City of Chicago v. Illinois Department of Revenue</u>, 147 Ill. 2d 484, 491, 590 N.E.2d 478, 481 (1992), quoting <u>Rogers Park Post No. 108 v. Brenza</u>, 8 Ill. 2d 286, 289-90, 134 N.E.2d 292, 295 (1956).

The statutory question is whether property leased "with a view to profit" is entitled to tax exemption under section 15-35(e) of the Code.  The District contends subsection (e) of section 15-35 exempts "property owned by a school district" without qualification that the property not be sold or leased or used with a view to profit.  If the legislature had intended for the language of the opening paragraph, "not sold or leased or otherwise used with a view to profit," to apply to each subsection, it need not have stated within subsections (a) the property must be used on a not-for-profit basis and (d) the property must not be used with a view to profit.  35 ILCS 200/15-35(a), (d) (West 2004).  The legislature's use of repetitive language in subsections (a) and (d) becomes surplusage if the section is read as the Department recommends with the phrase "not sold or leased or otherwise used with a view to profit" applying to each subsection.  The Illinois Supreme Court states that statutes should not be read in a manner which makes certain terms or phrases mere surplusage.  See <u>Land v. Board of Education of the City of</u>

<u>Chicago</u>, 202 Ill. 2d 414, 422, 781 N.E.2d 249, 255 (2002).  The District notes this interpretation is consistent with the Illinois Constitution, which makes a distinction between property owned by a school district and property used for school purposes.  See <u>Eden Retirement Center, Inc. v. Department of Revenue</u>, 213 Ill. 2d 273, 286, 821 N.E.2d 240, 248 (2004).

The Department argues the Director correctly denied the exemption because the restriction against leasing (and by extension subleasing) with a view to profit in section 15-35 is applicable to section 15-35(e) under <u>Swank v. Department of Revenue</u>, 336 Ill. App. 3d 851, 858, 785 N.E.2d 204, 209-10 (2003).  To interpret the two provisions as the District suggests would mean a school district cannot lease its property with a view to profit without losing exemption, but could finance the same property with a leaseback contract, and then sublease the property for profit and be exempt under section 15-35(e).  Nothing in the language of section 15-35(e) suggests it was intended to allow school districts to avoid the section 15-35 restriction on leasing with a view to profit.

We agree with the Department.  A statute should be evaluated in its entirety, with each section construed in connection with every other provision.  <u>Swank</u>, 336 Ill. App. 3d at 858, 785 N.E.2d at 209.  Section 15-35(e) is the codification of <u>Cole Hospital</u>, 113 Ill. App. 3d 96, 446 N.E.2d 562.  In <u>Cole</u>, the

- 12 -

hospital qualifying for tax exemption was a not-for-profit organization which entered a sale leaseback agreement to finance the construction of a new building. "[T]ax-exemption statutes in Illinois are to be construed narrowly." Swank, 336 Ill. App. 3d at 859, 785 N.E.2d at 210. Reading section 15-35(e) without the "view-to-profit" language would substantially diminish section 15-35 and have the effect of mitigating a portion of the Cole decision which has been law for 25 years. We determine the "view-to-profit" language in section 15-35 applies to section 15-35(e).

As earlier stated, the sale-leaseback agreement with a sublease to CMS was "with a view to profit" and thus we find no error in the Department's decision that the District was ineligible for property-tax exemption under section 15-35(e).

C. Property Held for Future Expansion

The third issue raised by the District is whether the District could rely on section 15-60 for an exemption. The District argues the property qualifies for an exemption as property held by a taxing district for future expansion. Section 15-60 of the Code provides, "all property owned by a taxing district that is being held for future expansion or development [is exempt], except if leased by the taxing district to lessees for use for other than public purposes." 35 ILCS 200/15-60 (West 2004). The District argues it is entitled to an exemption

- 13 -

because the subleased property is (1) owned by a taxing district, (2) being held for future expansion, and (3) not leased for use for other than public purposes.

The ALJ's decision found the District could not rely on the more general exemptions for taxing districts of section 15-60 ahead of the specific provisions for schools in sections 15-35 and 15-135.  The decision states:

> "The 'undisputed rule is that specific statutory provisions control as against general provisions on the same subject, appearing either in the same act or in other acts.' People ex rel. Oller v. Cairo & Theses R. Co., 364 Ill. 329[, 333, 4 N.E.2d 482, 484] (1936).  Each section of a statute should be construed with every other section to produce a harmonious whole. [Land, 202 Ill. 2d at 422 781 N.E.2d at 254].  Words and phrases should be interpreted in light of other relevant portions of the statute so that no term is rendered superfluous or meaningless. [Land, 202 Ill. 2d at 422, 781 N.E.2d at 255].
>
> Section 15-135 applies to school districts, which is a specific type of taxing district.  In order to construe sections 15-

60 and 15-135 harmoniously, the property of a school district may not qualify for the exemption if it is leased or otherwise used with a view to profit. Allowing an exemption for property of a school district that is used with a view to profit would render section 15-135 meaningless."

On appeal, the District argues the ALJ erred in finding this section does not apply to the District and the District meets the requirements of section 15-60. Whether section 15-60 and sections 15-35 and 15-135 provide independent exemptions or must be construed together is a question of law. Agency decisions on questions of law are reviewed de novo. Exelon Corp. v. Department of Revenue, 376 Ill. App. 3d 918, 921, 876 N.E.2d 1081, 1083 (2007).

The District contends under Illinois law, "where [the] language [of the statute] is unambiguous, the statute must be enforced as written." Krautsack v. Anderson, 223 Ill. 2d 541, 567, 861 N.E.2d 633, 651 (2006) (Karmeier, J., dissenting). When the statute is unambiguous, the "court cannot depart from the plain language of the statute by reading into it exceptions, limitations, or conditions not expressed by the legislature." Krautsack, 223 Ill. 2d at 567-68, 861 N.E.2d at 651 (Karmeier, J., dissenting). The District argues section 15-60 is clear and

unambiguous and should be applied according to its plain language to provide an exemption to the District for the property. The exemption of section 15-135 applies to property owned by a school district not leased with a view to profit but does not address property held by a school district for future expansion. Section 15-60 provides an additional exemption to property owned by a taxing district held for future expansion and not leased for other than public purpose.

The Department argues when sections 15-60, 15-35, and 15-135 are applicable to the same property, they are presumed to be governed by a single policy. Dundee Township v. Department of Revenue, 325 Ill. App. 3d 218, 223, 757 N.E.2d 982, 985-86 (2001). The statutes must be construed together to determine the legislative intent when the exemption statutes address the same property and an interpretation that gives effect to both provisions must be adopted. Dundee Township, 325 Ill. App. 3d at 223, 757 N.E.2d at 985-86. In Dundee Township, section 15-60 of the Code was construed together with section 115-115 of the Township Code (60 ILCS 1/115-115 (West 1998)).

The Department argues by reading the sections together, the underlying legislative intent is property that would otherwise be tax exempt due to its current use is exempt under section 15-60 for its future use. Section 15-60 removes only the requirement of current tax-district-specific exempt use to qualify

for an exemption.  The Department contends this is shown by the legislature's retention of the requirement the leased property must be used for public purposes.  Section 15-60 should not be interpreted as intending to remove restrictions on exemptions other than current tax-district-specific use.

"'Statutes which relate to the same thing or to the same subject or object are in pari materia ***.'" People ex rel. Daley v. Datacom Systems Corp., 146 Ill. 2d 1, 17-18, 585 N.E.2d 51, 58 (1991), quoting People v. Wallace, 291 Ill. 465, 470, 176 N.E. 175, 176 (1920).  "A court presumes that the legislature intended that two or more statutes which relate to the same subject are to be operative and harmonious.  A court must compare statutes relating to the same subject and construe them with reference to each other, so as to give effect to all of the provisions of each if possible." Cinkus v. Village of Stickney, 228 Ill. 2d at 218, 886 N.E.2d at 1022-23.  However, we cannot, under the guise of statutory interpretation, remedy an apparent legislative oversight by rewriting a statute in a way that is inconsistent with its clear and unambiguous language. People v. Pullen, 192 Ill. 2d 36, 42, 733 N.E.2d 1235, 1238 (2000).

In this case, the statute's language is clear and unambiguous.  "When the plain language of the statute is clear and unambiguous, the legislative intent that is discernable from this language must prevail, and no resort to other tools of

- 17 -

statutory construction is necessary."  Land, 202 Ill. 2d at 421-22, 781 N.E.2d at 254.  While a review of case law on section 15-60 does not reveal application of the statute to school districts, neither does it restrict application to school districts. The statutory definition of a taxing district explicitly includes school districts.  Further, the District's statutory reading is easily understood and applied, while the Department's interpretation is convoluted and appears to rewrite the statute.

Thus, three elements must be met for the property to be exempt under section 15-60: (1) the property must be owned by a taxing district; (2) the property must be held for future expansion; and (3) the property must be not for use for other than a public purpose.

1. <u>Element</u> <u>One</u>: <u>Is</u> <u>Property</u> <u>Owned</u> <u>by</u> <u>a</u> <u>Taxing</u> <u>District?</u>

The District is a taxing district as defined by the Code: "Any unit of local government, school district[,] or community college district with the power to levy taxes."  35 ILCS 200/1-150 (West 2004).  Under the School Code, the District has the power to levy taxes.  The "school board of any district having a population of less than 500,000 inhabitants may levy a tax annually *** upon all the taxable property of the district." 105 ILCS 5/17-2 (West 2004).  The Department does not present an argument on the first element.

2. <u>Element</u> <u>Two</u>: <u>Is</u> <u>Property</u> <u>Held</u> <u>for</u> <u>Future</u> <u>Expansion?</u>

- 18 -

The second element is the property must be held for future expansion.  One of the two stipulated facts is that the District owns the property.  Testimony and exhibits showed the District will get possession of the property pursuant to its reversionary interest in approximately 20 years subject to the Hay Edwards' rights under the right-to-purchase agreement.  The District intends to use the property for administrative facilities because it is centrally located.

The Department argues the plain meaning of the statute includes at a minimum that the tax-exempt owner presently intends to own and use the property for a tax-exempt purpose in the future.  Future tax-exempt ownership and use are required for a present tax exemption under section 15-60 because the legislature can only exempt those categories of property authorized for exemption by article IX, section 6, of the Illinois Constitution. A statutory property-tax exemption cannot be broader than the constitutional provisions.  Chicago Bar Ass'n v. Department of Revenue, 163 Ill. 2d 290, 297, 644 N.E.2d 1166, 1170 (1994).  The party seeking an exemption must show the property qualifies under both the statute and the Constitution.  Chicago Bar Ass'n, 163 Ill. 2d at 300-01, 644 N.E.2d at 1171.  The legislature could not grant and an owner could not seek a present tax exemption on property under section 15-60 based on holding that property for future expansion unless the future use and ownership were tax

exempt under article IX, section 6.  The tax-exempt owner must demonstrate a present intent to own and use the property for a tax-exempt purpose in the future to qualify for an exemption under section 15-60.

The Department argues the District's grant of an unconditional option to Hay Edwards is direct evidence contradicting the District's asserted intention to own and use property for a tax-exempt purpose in the future.  "[T]he right to choose when and if property may be transferred is the single most significant incident of real estate ownership."  Henderson County Retirement Center, Inc. v. Department of Revenue, 237 Ill. App. 3d 522, 527, 604 N.E.2d 1003, 1006 (1992) (amending a lease to grant the lessee an unconditional option to purchase upon expiration of the leasehold changed the incidents of ownership and rendered the leasehold tax-exempt).  The District does not clearly and convincingly establish that it intends to own the property in the future where it has granted a third party the right to transfer ownership.  The Department contends the District fails to sustain its burden of proof and should be denied relief.

   3. Element Three: Is Property Used for Public Purposes?

The third element is whether CMS's use of the property is for public purposes and no other purposes.  The District states the State of Illinois uses the office space and such use

is a public purpose.  No profit-making activities are conducted by CMS on the premises.  The Department makes no argument on the third element.

### 4. Standard of Review

"[W]hen an agency is required to interpret a statute's meaning and determine whether the facts of the case fit within that definition, the case" presents a mixed question of fact and law "which should be affirmed unless clearly erroneous."  Illinois Beta House Fund Corp. v. Illinois Department of Revenue, 382 Ill. App. 3d 426, 429,  887 N.E.2d 847, 849-50 (2008).  The clearly erroneous standard gives some deference to the agency's expertise and experience with the Code.  We accept the agency's findings unless we have a definite conviction a mistake was made. "[W]e may affirm the agency's decision on any basis appearing in the record."  Illinois Beta House, 382 Ill. App. 3d at 429, 887 N.E.2d at 850.

At issue is whether the District clearly established the second element of section 15-60.  In the disposition, the ALJ made a finding of fact stating, "The applicant currently has inadequate administrative facilities that are at different locations.  The renovated buildings are centrally located within the school district and may provide a site to consolidate the administrative facilities in the future."  Evidence shows the District hopes to use the renovated buildings after the 20-year

sale and leaseback agreement concludes, but Hay Edwards' first option to purchase the property for fair market value at the conclusion of the 20-year agreement imparts too great a doubt on future holding of the property by the District.  "[T]he party claiming the benefit of an exemption bears the burden of proving clearly and conclusively that it is entitled to the exemption, and all facts and all debatable questions are resolved in favor of taxation."  <u>Illinois Beta House Fund Corp.</u>, 382 Ill. App. 3d at 429, 887 N.E.2d at 850.  We are not left with the definite and firm conviction the decision of the Director, affirmed by the circuit court, was in error.

## III. CONCLUSION

For the reasons stated, we affirm the circuit court's decision affirming the Department's decision.

Affirmed.

McCULLOUGH and STEIGMANN, JJ., concur.